1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE NADLER, MIKIE BELL, on behalf of themselves, all others similarly situated and the general public, | Case No.: 5:13-cv-100-TJH-OPx |
| | CLASS ACTION |
| Plaintiffs, | **DISCOVERY MATTER** |
| v. | **[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| NATURE'S WAY PRODUCTS, LLC, a Wisconsin limited liability company; SCHWABE, NORTH AMERICA, INC., a Wisconsin corporation, NATURE'S WAY HOLDING COMPANY, LLC, a Utah limited liability company; and, NATURE'S WAY PRODUCTS, INC., a Utah corporation, | |
| Defendants. | |

1

*Nadler v. Nature's Way Products, LLC*, Case No. 5:13-cv-100-TJH-OPx
[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that a Stipulated Protective Order will govern the production and exchange of confidential information in the case of *Nadler v. Nature's Way Products, LLC*, Case No. 5:13-cv-100-TJH-OPx (the "Litigation") on the following terms:

**1. TERMS OF THE PROTECTIVE ORDER**

1. **Purpose.** The terms of this Stipulated Protective Order (the "Order") shall govern the handling of any information, document or item, or portion of any document or item, that is confidential, private, proprietary, trade secret, or otherwise protected and exchanged by any party or third party in the Litigation after the issuance of this Order. This Order shall apply to plaintiffs Lawrence Nadler and Mikie Bell (collectively "Plaintiffs"), defendant Nature's Way Products, LLC and Schwabe North America, Inc. (collectively "Defendants"), and any future parties to the Litigation that agree to be so bound (collectively "Party" or "Parties").

2. **Right to Designate.** Any Party and any third party responding to any request to exchange information, or any discovery, in the Litigation who objects to the disclosure of information it deems to be confidential, protected by the right of privacy, proprietary, trade secret, or otherwise protected or prohibited by law from disclosure (hereinafter referred to as "Confidential Information" or "Confidential Restricted Information" and collectively referred to herein as "Protected Information") may disclose such Protected Information pursuant to the terms of this Order.

3. **Designation.** Any person or entity that chooses to designate documents and information as Protected Information ("Designated Party") shall make such designations only as to those documents and information the person or entity believes in good faith contain:

2

a. Trade Secrets;

b. Information reflecting non-public business or financial information, and/or confidential competitive information that, if disclosed, could result in competitive harm to the disclosing party;

c. Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

d. Information subject to federal or state privacy rights; or

e. Information otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

4.     **Permitted Use, Access and Security.**   The disclosure of Protected Information shall only be made as provided herein.   Unless this Order states otherwise, Protected Information produced pursuant to this Order is to be produced only to the Parties and their counsel ("Receiving Parties") and is to be used only by the persons authorized under this Order, and solely for the purpose of preparing for and conducting the Litigation, or any related form of alternative dispute resolution, and is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, except as otherwise provided herein. Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures access is limited to the persons authorized under this Order.   Any person in possession of Protected Information, including the Parties and their respective counsel, shall exercise the same care with regard to the storage, custody, or use of such Protected Information as they would apply to their own material of the same or comparable sensitivity.

5.     **Designation by a Party of Information from a Non-Party.**  In order to provide the Parties with an adequate opportunity to designate information as "Confidential" or "Confidential-Restricted," all information produced in this

3

Litigation by third parties shall be deemed "Confidential-Restricted," whether or not stamped with that legend, for a period of fifteen (15) days following production.   Furthermore, the inadvertent failure by any Party to designate information produced by third parties as "Confidential" or "Confidential-Restricted" within that fifteen (15) day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistently with Paragraph 14 of this Order.   The Receiving Party may challenge the designation of the information as provided in Paragraph 17 of this Order.

6.      **Designation.**  Any documents produced pursuant to this Order shall be stamped on the first page of the document and on every page of the document that is subject to this Protective Order as "CONFIDENTIAL INFORMATION FOR USE ONLY IN NADLER v. NATURE'S WAY PRODUCTS, LLC" ("Confidential        Information"),        "CONFIDENTIAL-RESTRICTED INFORMATION FOR USE ONLY IN NADLER v. NATURE'S WAY PRODUCTS, LLC" ("Confidential-Restricted Information"), or substantially similar language. For electronically-stored information that cannot be labeled on each page, or other information produced in a form other than documentary, the Designating Party shall provide written notice of the designation of the Protected Information to the Receiving party and affix the legend " CONFIDENTIAL INFORMATION FOR USE ONLY IN NADLER v. NATURE'S WAY PRODUCTS, LLC", "CONFIDENTIAL-RESTRICTED INFORMATION FOR THE USE ONLY IN NADLER v. NATURE'S WAY PRODUCTS, LLC", or substantially similar language in a prominent place on the medium used to produce the information or item or on the exterior of the container or containers in which the information or item is stored.  If the Protected Information is produced

4

in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Information in the load file.  A Receiving party shall not transmit information produced in accordance with this paragraph without informing any recipient of the information of its protected nature.

7.      **Response to Discovery Requests.**  Subject to, and without waiver of any objections, the Designating Party may respond to any written discovery and disclose and produce Protected Information as follows:

      a. Interrogatories and Requests for Admissions: Clearly designating Protected Information contained within the interrogatory response or the request for admission response in the language and manner provided in Paragraph 6 above.

      b. Requests for Production of Documents: Producing Documents that contain Protected Information in the manner provided in Paragraph 6 above.

8.      **Access to Confidential Information.** Unless otherwise agreed upon in writing by the Parties or pursuant to court order, protected Information designated as "CONFIDENTIAL INFORMATION FOR USE ONLY IN <u>NADLER v. NATURE'S WAY PRODUCTS, LLC</u>," or substantially similar language that at a minimum incorporated the word "confidential," shall not be disclosed to any person or entity other than the following:

      a. a Party to the Litigation;

      b. counsel for the respective Parties whose firm is counsel of record in the Litigation or are otherwise assisting in the prosecution or defense thereof;

c.  consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in the Litigation, but only if: (1) it is reasonable to    disclose the document or information to them for purposes of the Litigation; (2) they are not Parties; (3) they are not officers, directors, or employees of Parties, affiliates of Parties, or competitors of Parties; and (4) they have signed a declaration in the form of Exhibit A;

d.  secretaries, paralegals, and other clerical or support personnel employed by or retained by counsel for a Party but only if:  (1) it is reasonable to disclose the document or information to them for purposes of the Litigation; (2) they are not Parties; and (3) they are not officers, directors, or employees of Parties, of affiliates of parties, or of competitors of Parties;

e.  the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

f.  a court reporter retained by one or more of the Parties for purposes of the Litigation who has executed a declaration in the form of Exhibit A; and,

g.  the author, addressee or any other person or entity identified as a recipient of specified Confidential Information who would otherwise be entitled to receive it.

9.    **Access to Restricted Information.**  Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL-RESTRICTED INFORMATION FOR USE ONLY IN NADLER v. NATURE'S WAY PRODUCTS, LLC," or substantially

6

similar language that a minimum incorporates the words "confidential" and "restricted," shall not be disclosed to any person or entity other than the following:

     a. Counsel for the respective Parties whose firm is of record in the Litigation or are otherwise assisting in the prosecution or defense thereof;

     b. Consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose or assisting in the Litigation, but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Litigation; (2) they are not Parties; (3) they are not officers, directors, or employees of Parties, of affiliates of Parties, or of competitors of Parties; and (4) they have signed a declaration in the form of Exhibit A;

     c. Secretaries, paralegals, and other clerical or support personnel employed  or retained by counsel for a Party but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Litigation; (2) they are not parties, or affiliates of Parties; and (3) they are not officers, directors, or employees of Parties, or affiliates of parties, or competitors of Parties;

     d. The Court, including judicial employees and all other necessary personnel, including court reporters employed or retained by Court;

     e. A court reporter retained by one or more of the Parties for purposes of this Litigation who has executed a declaration in the form of Exhibit A;

     f. The author, addressee, or any other person or entity identified as a recipient of specified Confidential Restricted information who would otherwise be entitled to receive it; and,

7

g. The Designation Party.

10. **Disclosure to Experts.** A Receiving Party shall not disclose or disseminate any Protected Information to its experts or consultants until the experts or consultants have executed a declaration in the form attached as Exhibit A. If any such declaration is signed by an expert or witness designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, a copy of that declaration shall be placed in the expert's or witness's file, and provided upon request by the Designating Party whose Protected Information was reviewed by the expert or witness. Original declarations signed by experts or witnesses not designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure shall be maintained by the Receiving Party that retained such expert or witness and shall be submitted to the Court for *in camera* review on request by the Court, or by court order after the motion of any Party for such a review, based on a showing of good cause, for an alleged breach of the Order.

If a Receiving Party is going to disclose Protected Information of another Party to an expert pursuant to Paragraphs 8 or 9, the Receiving (*i.e.,* disclosing) Party may, **but is in no way obligated to**, disclose to the Designating Party the name of the expert for the purpose of investigating a potential conflict of interest, along with a copy of the signed declaration, a curriculum vitae of the proposed expert, and the basis for any potential conflict, at least five (5) business days before the Protected Information is shown to such an expert. If the Receiving Party does voluntarily choose to disclose the name of the expert, the Designating Party may object to the disclosure of the Protected Information to the expert if, and only if, the Designating Party reasonably believes the expert has a conflict of interest in receiving the Protected Information (*e.g.,* the expert is currently working for a competitor of the

8

Designating Party).  If no objection is made in writing to such person receiving Protected Information within such five (5) business day period, the Protected Information may be disclosed to such person.  If an objection is made, the Designating *(i.e.,* objecting) Party may bring before the Court the question of whether the Protective Information may be disclosed to such person within five (5) business days of the written objection being made.  No disclosure of any Protected Information to such person shall be made until the Court has fully resolved the dispute regarding disclosure of the Protected Information to the person in question in the resolution of such matter, the Designating Party shall have the burden of establishing before the Court the reasons for denying disclosure to such person. All signed undertakings shall be maintained by the Party receiving the undertakings through the conclusion of this Litigation.  Except upon order of the court based on a showing of good cause, a Party receiving and maintaining a signed undertaking during this Litigation is under no obligation to provide copies of such signed undertakings to any Designating Party or any other individual or entity.

A Designating Party's failure to object within the five (5) business days preceding the disclosure to an expert does not operate to waive any right of the Designating Party to object to the expert with respect to an undisclosed conflict of interest or to the admission or use of the expert's opinion at trial (or in pre-trial proceedings) for any procedural or evidentiary reason including, but not limited to, objections based on the qualifications, credibility, or suitability of the expert.

11.    **Use in Depositions.** If a Receiving Party wishes to divulge Protected Information during a deposition at which one or more persons are present to whom disclosure is not permitted under Paragraphs 8 or 9, then the following procedures shall be followed:

*Nadler v. Nature's Way Products, LLC*, Case No. 5:13-cv-100-TJH-OPx
[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

a. All persons to whom disclosure is not permitted under Paragraphs 8 or 9 shall be asked to leave the room during the time in which the Protected Information is divulged.

b. If documents containing Confidential Information or Confidential-Restricted Information are used in deposition, the documents shall be marked pursuant to Paragraph 6, shall be attached only to the confidential transcript, and shall not be distributed at the deposition.

c. The confidential portion of the deposition shall be separately transcribed and shall be sealed and marked "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED INFORMATION" by the court reporter, and shall not be made part of the transcript.  The sealed portions of the transcript may only be provided to the persons authorized under this Order.

d. Within thirty (30) days of receipt of the certified deposition transcript, any Party may mark as "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED INFORMATION" the certified transcript after it has been prepared, and shall: promptly notify all persons who were present at the deposition of its intent to do so; instruct the court reporter to conform the deposition transcript to Paragraph 11.b.; and bear all reasonable costs related thereto.

e. A Designating Party may de-designate any portion of the deposition transcript the Party previously designated as Protected Information by promptly notifying in writing all other Parties and all persons who were present at the deposition of its intent to de-designate.  The notice shall identify with specificity the portion of portions of the transcript that no longer are designated as Protected Information.  The

10

Designating Party shall instruct the court reporter to produce a new certified copy of the deposition transcript that removes any confidentiality designation as appropriate, and shall bear all reasonable costs related thereto.

12.      **Sanction.**  Intentional disclosure of Protected Information or other violation of this Order by a Party or other person authorized to receive Protected Information pursuant to this Order may subject the violating person to sanctions for contempt of court, as well as any other statutory or common law remedies that may be available to the Designating Party.

13.      **Disclosure of Own Information.**  Nothing in this Order shall prevent a Designating Party from disclosing its own Protected Information to any person or otherwise using that information for purposes of this Litigation.  Whether such disclosure waives the protection of this Order or results in that disclosed material becoming discoverable by other Parties shall be determined by the Court according to the facts and relevant law.

14.      **Inadvertent Production of Confidential Material without a Designation.**  If a Designating Party inadvertently produces Protected Information without designating it as such in accordance with this Order, the Designating Party shall notify all Receiving Parties of the proper designation of the Protected Information as soon as practical after discovery of the error by the Designating Party.  The Designating Party shall provide the Receiving Parties with a replacement of the Protected Information marked in accordance with this Protective Order.  Upon receipt of the properly designated document or Information: (a) the document or information shall be treated by the Receiving Parties as if it had been timely designated as Protected Information under this Protective Order; and (b) the Receiving Parties shall use reasonable efforts to

11

identify any other persons or entities to whom the information in question was given. It shall then be the burden of the Receiving Parties to collect in good faith all such Protected Information from persons and entities who would not have been entitled access thereto if the document or information had been so designated at the outset. The Receiving Parties shall use reasonable efforts to protect from disclosure any unmarked copies of the Protected Information in their possession, by destroying or returning to the Designating Party any unmarked copies of the Protected Information in their possession. The inadvertent disclosure or mis-marking by a Designating Party of documents or information the Designating Party believes to be confidential shall not automatically be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter. However, any Party may claim the intentional disclosure of Protected Information by the Designating Party to anyone other than the Designating Party and its counsel without the confidential designation, be deemed a waiver of any claimed protection.

15.     **Inadvertent Production of Privileged Material.** If a Party inadvertently or mistakenly produces Privileged Material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege or work-product immunity for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection, or

prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

If a Party has inadvertently or mistakenly produced Privileged Material, and if the Party makes a written request for the return of such Privileged Material, the Privileged Material for which a claim of inadvertent production is made (including any analyses, memoranda, or notes that were internally generated based upon such inadvertently-produced Privileged Material), as well as all copies, shall be either sequestered or returned within ten (10) business days regardless of whether the Receiving Party disputes the claim of privilege. The Party shall provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log. If the Receiving Party disputes the assertion of privilege, the Receiving Party may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstance of the inadvertent production as a ground for entering such an order. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material *in camera.* Notwithstanding this Protective Order, no Party will be prevented from moving the Court for an order compelling the production of documents for which the privilege has been waived pursuant to, *inter alia,* the crime-fraud exception.

16.     **De-Designation.**  Nothing in this Order shall be deemed to preclude a Designating Party from de-designating any Protected Information at any time. The Designating Party shall notify all Receiving Parties in writing of its intent to de-designate, at which time the document or information shall no longer be treated as Protected Information under this Order. The Designating Party shall also produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

13

17.     **Challenging Confidentiality Designations.**  Nothing in this Order shall be deemed to preclude a Receiving Party from seeking permission of the Court to release information designated as Confidential Information or Confidential-Restricted Information under this Order.  If a dispute arises regarding the designation of documents or information as Protected Information, the following procedures shall be followed:

a. In the event a Receiving Party believes, in good faith, that a document or information produced or disclosed, which had been designated as Protected Information under this Order is not confidential or should not be designated as Confidential Information or Confidential-Restricted Information, the Receiving Party shall send the Designating Party a written request specifically identifying the information or document (by bates-number), sought to be disclosed and the reasons why said Information or document should not be so designated and/or subject to this Order.  Within ten (10) business days of receipt of such a written request, the Parties shall meet and confer.

b. If the Parties are unable to agree, within a ten (10) day period under Paragraph 17.a., upon a satisfactory resolution, the Receiving Party may seek an order concerning such information or documents that have previously been produced or disclosed under the Order.  The Designating Party shall in any proceeding or other matter concerning such designation have the burden of proof in justifying the confidential designation pursuant to this Order and applicable law.

c. If the Receiving Party seeks and order pursuant to Paragraph 17.b, above, no Party may disclose Protected Information in a manner contrary to its designation unless the Designating Party subsequently consents to disclosure or prior to ten (10) days after the Court has issued an order allowing disclosure or as otherwise ordered by the Court. To the extent the Court rules that any information designated as Protected Information is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party shall produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

18. **Discussion with Clients.** In the event a Receiving Party's counsel believes in good faith that it is reasonable to consult with its client (or in the case of a corporate client, an officer, or employee thereof), who would not be permitted access under the provisions of Paragraph 9 above, about a document or information designated "CONFIDENTIAL-RESTRICTED" that directly identifies such client, officer, or employee, counsel may consult with such client, officer, or employee about the portion of such document or information that directly identifies such client, officer, or employee, so long as: (a) the consultation does not disclose specifically Confidential-Restricted Information, but only the general subject, matter of the document or information; and (b) the document or information itself or any other portion thereof is not given or disclosed to such client, officer, or employee; and (c) such client, officer, or employee has signed a declaration in the form of Exhibit A.

19. **Filing Under Seal.** All requests to seal documents filed with the Court shall comply with Local Civil Rule 79-5.1. If time permits, a Receiving

Party that intends to divulge Protected Information in a filing shall so advise the Designating Party and identify the Protected Information at least 5 court days before the filing to afford the Designating Party the opportunity to make the showing required by Local Rule 79-5.1.  Failure of the Designating Party to respond to such notice shall not preclude the Receiving Party from filing the Protected Information with a motion to seal that solely references this Protective Order, the burden being on the Designating Party to prove that the Protected Information should be filed under seal.  The Parties expressly agree the designation of any information, document, or thing as Confidential, Confidential-Restricted, or other designation(s) used by the Parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Order or to the Parties' designations of any information, document, or thing as Confidential, Confidential-Restricted, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.  The Parties' mere designation of any information, document, or thing as Confidential, Confidential-Restricted, or other designation(s) used by the parties, does not – without the submission of competent evidence, in the form of a declaration(s) establishing that the material sough to be filed under seal qualifies as confidential, privileged, or otherwise protective – constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the dealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 655, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a

16

dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.

Any document that is not confidential, privileged, or otherwise protectable in its entirely will not be filed under seal if the confidential portions can be redacted.  If the documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Order, in the event this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

20.     This Order in no way alters the law regarding the type of information that may be deemed Protected Information, nor the burdens for demonstrating confidentiality or the right to discovery of Protected Information.

21.     **Protected Material Subpoenaed or Ordered Produced in Other Matters.**  Any Receiving Party who receives a subpoena or other process from a Non-Party, or order, to produce, or disclose Protected Information shall provide the Designating Party with written notice thereof (the notice shall include a copy of the subpoena or other process or order or other information necessary to reasonably inform) within seventy-two (72) hours of receipt of said written notice to enable the Designating Party to take whatever action it

17

deems appropriate.  The Designating Party may then seek an order from the court issuing the subpoena, process, or order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena, process or order.  The Receiving Party may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure. Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 17 of this Order.   Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

22.  **Final Disposition**. Within ninety (90) days of any request, made after the termination of this Litigation, including appeals, the Party to whom the Protected Information was produced shall either: (1) return all such Protected Information and all copies, portions, excerpts, and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) to the Designating Party; or (2) provide the Designated Party with a written certification, that all Protected Information provided to them, as well as all Protected Information they provided to others, has, to the best of their knowledge, been destroyed.   To the extent it is not reasonably possible to destroy or return certain Protected Information in the possession of a Receiving Party- *e.g.*, some Protected Information was attached to an email - such Receiving Party agrees to maintain the confidentiality of such Protected Information and shall provide a written certification to that effect.

Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside in their respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files that are not reasonable accessible.  However, Parties and their Counsel shall not retrieve any confidential or Confidential-Restricted material from said electronic disaster recovery system or other not-reasonably accessible data sources after the conclusion of the Litigation.  Additionally, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information.  Any such archival copies that contain or constitute Protected Information remain subject to this Order as set forth in Paragraph 25.

23.     **No Waiver of Right to Appropriately Withhold or Redact**. Notwithstanding the provisions of this Order, Designating Parties may redact from any produced information, whether designated as Protected Information or not, any information containing Privileged Material or any irrelevant trade secrets or other irrelevant highly confidential research, development, or commercial information, or any other data protected from disclosure by State or Federal regulations.  If, after reviewing information containing a redaction, a Receiving Party has a good faith basis for challenging the redaction, the Parties shall initially attempt to resolve the issue through discussions.  If those discussions prove unsuccessful, the challenging Party may move for a ruling by the Court on whether the information is entitled to redaction, which may, where legally permitted, necessitate an *in camera* inspection of the document in non-redacted from by the Court.  If the Court orders the redacted portion of the information should remain redacted, then the redacted portion of said

Discovery Material may not be used as evidence by any Party at trial or at a hearing and may not be relied upon by any Party's Experts.  If the Court orders the redacted portion of the information is not entitled to redaction, and if the Court orders the designating Party to produce the information without reaction, the Designating Party shall produce the information in non-related form.  Unless expressly ordered otherwise by the Court, a finding that information is not entitled to redaction shall have no effect on the status of the information as Protected Information.

24.     **Right to Assert Other Objections**. Nothing in this Oder shall limit a person or entity's right to seek or object to discovery of and/or the disclosure of information or documents on any basis, including but not limited to, being Protected Information, alter the burdens for objecting to, or obtaining discovery of, Protected Information, or affect the admissibility or inadmissibility of any Protected Information; nor shall this Order preclude any person or entity from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure of Local Rules of the Unites States District Court of the Southern District of California.

25.     The Court shall retain jurisdiction following termination of the Litigation for the purpose of enforcing any provisions of this Order.

26.     **Responsibility of Attorneys**. Outside counsel are responsible for employing reasonable measures to control and track, consistent with this Order, access to and distribution of information, including abstracts and summaries thereof.

27.     **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  This Order may be amended or superseded by written agreement of the Parties and order

of the Court, or by order of the Court.  In the event that such modification is sought, the Parties reserve the right to raise any and all arguments and invoke any and all laws in opposition to such modification.  Any modification sought shall not apply unless and until ordered by the Court.

**IT IS SO ORDERED.**

Dated: _____4/1/13_____      _____

The Honorable Oswald Parada
United States Magistrate Judge

---

21

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], have read the Protective Order (the "Order") that was issued by the Unites States District Court for the Central District of California on _____ [date] in the case of *Nadler v. Nature's Way Products, LLC*, Case No. 5:13-cv-100-TJH-OPx.  I agree on behalf of myself and those in my organization, _____, that if any information or item that is subject to this Order is provided to me pursuant to the term of the Order, I and those in my organization will be bound by and comply with the term of the Order and will maintain that information as confidential in the manner designated under the Order.  I will not disclose in any manner any information or item that is subject to the Order, unless permitted under the Order.

      I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____

*Nadler v. Nature's Way Products, LLC*, Case No. 5:13-cv-100-TJH-OPx
[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER