UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order:  Granting in Part and Denying in Part Plaintiffs' Motions to Compel (ECF Nos. 83 and 84)

**I.**
**SUMMARY OF RULING**

For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' Motions to Compel set forth in the two Joint Stipulations filed on October 6, 2014.

**II.**
**RELEVANT FACTUAL BACKGROUND**

Plaintiffs Lawrence Nadler and Mikie Bell, purporting to represent a class consisting of themselves, others similarly situated, and the general public, have filed suit against Defendant Nature's Way Products, LLC ("Nature's Way"), and Defendant Schwabe, North America, Inc. ("Schwabe"), which is alleged to be Nature's Way's parent company.  *See* ECF No. 54; ECF No. 83 at 52.  According to Plaintiffs, Defendants manufacture, advertise, distribute, and sell Umcka-brand homeopathic products ("Umcka products"), and "have made various misleading and material misrepresentations" about the Umcka products.  ECF No. 83 at 5-6.  Plaintiffs allege Defendants sell the Umcka products "directly to consumers without explaining homeopathic dilution levels in a language understandable to an average consumer."  *Id.* at 6.  In addition, Plaintiffs allege Defendants misleadingly fail to inform consumers that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

efficacy statements on the Umcka products' labels have not been "evaluated by any regulatory body," unlike efficacy statements on non-homeopathic products among which the Umcka products are sold. *Id.* Finally, Plaintiffs specifically allege Defendants advertise products as "natural" that actually "contain large portions of non-natural ingredients." ECF No. 54 at 11.

Based upon those factual allegations, Plaintiffs allege the following legal claims in their Second Amended Complaint ("SAC"): (1) violation of California's Consumers Legal Remedies Act; (2) violation of California's Unfair Competition Law; (3) violation of California's False Advertising Law; (4) breach of express warranty; (5) breach of implied warranty of merchantability; and (6) violation of the federal Magnuson-Moss Warranty Act. *Id.* at 29-38. Plaintiffs seek various forms of relief, including compensatory and punitive damages. *Id.* at 31, 39.

### III.
### RELEVANT PROCEDURAL BACKGROUND

On January 16, 2013, Plaintiffs filed a class action complaint. ECF No. 1. On April 24, 2013, Plaintiffs filed a Motion for Class Certification. ECF No. 15. On September 17, 2013, Plaintiffs filed the SAC. ECF No. 54. On September 25, 2013, and November 11, 2013, Defendants moved to dismiss the SAC or, in the alternative, to strike portions of the SAC. See ECF Nos. 55-57, 59. On March 27, 2014, the District Court issued an order granting in part and denying in part Defendants' motion to dismiss and motion to strike. ECF No. 63.

On April 11, 2014, Defendants filed an Answer to the SAC. ECF No. 64. On September 26, 2014, Plaintiffs filed a Supplemental Memorandum to their Motion for Class Certification, to address "evidentiary issues raised" by *Comcast v. Behrend*, ___ U.S. ___, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013).[1] ECF No. 76. On October 3, 2014,

---

[1] Under *Comcast*, a court may not certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3) if the plaintiffs cannot "establish[] that damages are capable of measurement on a classwide basis," or if the plaintiffs' damages model is inconsistent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

Plaintiffs filed the instant Motions to Compel – one for Defendant Nature's Way, *see* ECF No. 83, and one for Defendant Schwabe, *see* ECF No. 84.

On October 7, 2014, Plaintiffs filed an *ex parte* application to extend the factual discovery cutoff date from October 8, 2014, to December 26, 2014. ECF No. 85. Defendants opposed that *ex parte* application. ECF No. 86. On October 13, 2014, Defendants filed a Joint Supplemental Memorandum in Opposition to the instant Motions to Compel.² ECF No. 89.

On October 16, 2014, the District Court granted Plaintiffs' *ex parte* application, extending the discovery cutoff date to the later of December 31, 2014, or 30 days after this Court rules on the instant Motions to Compel. ECF No. 94; *see also* ECF No. 97.

## IV.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (citation omitted). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

---

with their theory of liability. 133 S. Ct. at 1433.

² The Defendants' arguments in the Joint Supplemental Memorandum (ECF No. 89) are largely duplicative of the arguments they present in the Joint Stipulations regarding the instant Motions to Compel (ECF Nos. 83, 84).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted). "Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *Id.* (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

## V.
## DISCUSSION

### A. Issues and Objections Common to Multiple Discovery Requests

As there are issues and objections common to multiple discovery requests, the Court initially addresses such issues and objections.

#### 1. Timeliness

Defendants argue Plaintiffs' Motions to Compel are untimely because they were "noticed to be heard after the discovery cut-off" of October 8, 2014. ECF No. 83 at 7; ECF No. 84 at 6. Because the District Court has extended the discovery cutoff date, *see* ECF No. 94, this argument is moot.

Defendants also argue the Motions to Compel are untimely because Plaintiffs delayed in filing them. ECF No. 83 at 27; ECF No. 84 at 24. Defendants made the same argument in their opposition to Plaintiffs' *ex parte* application to extend the discovery cutoff date. *See* ECF No. 86 at 5, 9. By granting that application, *see* ECF No. 94, the District Court implicitly rejected Defendants' argument. Thus, Plaintiffs' alleged delay is irrelevant in evaluating the Motions to Compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

**2. Defendants' Request for Bifurcation**

Defendants argue that, to the extent certain discovery requests "are relevant at all, they are relevant solely to Plaintiffs' remedies," making them "premature." *E.g.*, ECF No. 83 at 11; ECF No. 84 at 9. Defendants "maintain[] that this action should be bifurcated and all discovery of evidence related to Plaintiffs' remedies deferred until after a determination of liability has been made." *E.g.*, ECF No. 83 at 11; ECF No. 84 at 9.

Defendants have not filed a motion to bifurcate this action. Even if Defendants did file such a motion, it would be for the District Court to decide. For purposes of this ruling, this action has not been bifurcated. This Court will not consider Defendants' informal request for bifurcation in evaluating the Motions to Compel.

**3. Duty to Supplement Production**

Defendant Schwabe repeatedly states it "reserves the right, but assumes no affirmative duty, to supplement its production based upon further discovery, investigation, or analysis." *E.g.*, ECF No. 84 at 32. That statement is wrong. The Court hereby reminds each Defendant of its duty to supplement production based upon further discovery, investigation, or analysis. *See Coleman v. Hartford Life Ins. Co.*, 432 F. Supp. 2d 1030, 1033 (C.D. Cal. 2006) ("Parties are entitled to rely on the accuracy and completeness of the discovery produced, and they are bound by a duty to supplement or correct disclosures when additional, material evidence is available.") (citations omitted); *see also* Fed. R. Civ. P. 26(e) (requiring a party to "supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect").

**4. Discovery Requests Relating to Products Plaintiffs Did Not Purchase**

    **a. Background**

Plaintiffs Nadler and Bell purchased Umcka ColdCare Original Drops, Umcka ColdCare Soothing Hot Lemon Drink, Umcka Cold+Flu Berry Syrup, and Umcka

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

ColdCare Sugar-Free Soothing Syrup (Grape Flavor). ECF No. 54 at 9-10. However, Nadler and Bell purport to represent, with limited exceptions, "[a]ll purchasers of Defendants' Umcka Products, including Umcka ColdCare, Umcka Cold+Flu and Umcka Cough, and all iterations/variations of the aforementioned products, for personal or household use and not for resale, in California from January 4, 2009[,] to the present (the 'Class Period')." *Id.* at 26. In footnote two of each Joint Stipulation, Plaintiffs list the products they "maintain" are at issue in this litigation. ECF No. 83 at 22; ECF No. 84 at 18.

In their Motion to Dismiss, Defendants argued Plaintiffs lacked "standing to assert claims regarding products they did not purchase." ECF No. 59 at 5. The District Court rejected this argument, ruling that the issue of whether Plaintiffs could "assert claims on behalf of others who have similar, but not identical[,] interests" was "better suited for typicality or adequacy of representation, rather than standing." ECF No. 62 at 2 (citing *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012)); *see also id.* at 6.

Notwithstanding the District Court's ruling, Defendants repeatedly argue they should not have to provide information or documents "related to products Plaintiffs did not purchase." ECF No. 83 at 44; ECF No. 84 at 42. Concomitantly, Defendants respond to many requests for production ("RFPs") and interrogatories that use the term "products" as if that term is limited to products Plaintiffs purchased. *E.g.,* ECF No. 83 at 41 (responding to Interrogatory No. 10 as if it refers only to products Plaintiffs have purchased); *id.* at 53 ("interpret[ing]" RFP No. 33 to refer only to products Plaintiffs purchased); ECF No. 84 at 45.

Plaintiffs challenge Defendants' attempts to limit discovery to products Plaintiffs purchased, stating: "Because information regarding Defendant[s'] entire Umcka Product line is relevant to the instant case, Defendant[s] cannot simply refuse to answer discovery requests concerning Products Plaintiffs did not purchase." ECF No. 83 at 44; ECF No. 84 at 41. Presumably, Plaintiffs would like Defendants to respond to RFPs and interrogatories as if the term "products" refers to all of the products listed in footnote two of the Joint Stipulations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

### b. Ruling

The District Court has not dismissed claims relating to products Plaintiffs did not purchase, and has stated it will address the validity of those claims at the class-certification stage. Thus, discovery relating to such claims is permissible. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.") (footnote omitted).

Accordingly, in responding to RFPs and interrogatories, Defendants shall assume, unless otherwise specified, that the term "products" refers to products listed in footnote two of the Joint Stipulations, rather than to products Plaintiffs purchased. If a Defendant has already responded to an RFP or interrogatory but that response was improperly limited to products Plaintiffs purchased, the Defendant shall amend its response to include the products listed in footnote two of the Joint Stipulations. Conversely, if a Defendant has already responded to an RFP or interrogatory and that response was not improperly limited, the Defendant need not provide additional documents or response, unless otherwise stated in this Order.

## B. Information and Documents Relating to Defendants' Financial Information (RFP Nos. 1, 3-6, 21, 27-29, 54, 55, 59, 60; Interrogatory Nos. 3, 4)

Plaintiffs ask Defendants to provide information and documents relating to "Defendants' financial information," including the Umcka products' research and development expenses, marketing expenses, advertising budgets, and sales. *See* ECF No. 83 at 10; ECF No. 84 at 8. Plaintiffs argue this information is necessary to achieve class certification and is relevant to damages. *See* ECF No. 83 at 22-23; ECF No. 84 at 18-19. The Court will first address the validity of these arguments.

### 1. Relevance to Class Certification

Plaintiffs argue Defendants' financial information "is relevant and discoverable because it is necessary for Plaintiffs to meet their burden of proof at the class certification [stage] to show that damages can be calculated on a class-wide basis,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

pursuant to *Comcast v. Behrend*. ECF No. 83 at 23; ECF No. 84 at 19; *see also supra* n.1. Plaintiffs contend that, if Defendants fail to provide the financial information Plaintiffs seek, Plaintiffs will be unable to prove "the nature and extent of damages, restitution, or restitutionary disgorgement." ECF No. 83 at 24; ECF No. 84 at 21. *See also* ECF No. 83 at 23 ("[P]laintiffs will require more detailed financial information than price lists and unit sales to establish damage model(s) tethered to their theories of liability, in order to meet their burden of proof at the class certification stage."); ECF No. 84 at 19-20.

     Plaintiffs' arguments are undermined by their own Supplemental Memorandum to their Motion for Class Certification. ECF No. 76. In the Supplemental Memorandum, Plaintiffs specifically address *Comcast*'s requirements, without arguing they must obtain additional discovery to meet those requirements. *See id.* On the contrary, Plaintiffs state that calculating damages under their primary damages model "will prove a facile achievement." *Id.* at 4. Therefore, Plaintiffs have not shown they must obtain additional discovery to meet *Comcast*'s requirements.

     **2.    Relevance to Damages**

     Plaintiffs also argue Defendants' financial information is discoverable because it is relevant to, *inter alia*, damages and punitive damages. ECF No. 83 at 22; ECF No. 84 at 18. "The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, whether or not such evidence would be admissible at trial." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998) (citation omitted). "[S]uch financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation." *Id.* (citation omitted). Plaintiffs have raised a punitive damages claim. *See* ECF. No. 54 at 31, 39. Thus, under *Oakes*, Plaintiffs are entitled to the discovery of financial information relevant to that claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

### 3. Ruling

Defendants make multiple boilerplate objections of overbreadth, relevance, and oppressiveness to each request for financial information. *See, e.g.*, ECF No. 83 at 14; ECF No. 84 at 9. Those boilerplate objections do not satisfy Defendants' "burden to show that discovery should not be allowed," *i.e.*, that Plaintiffs' requests have "no conceivable bearing on the case." *DirectTV*, 209 F.R.D. at 458; *Soto*, 162 F.R.D. at 610. Accordingly, to the extent within its knowledge, possession, custody, or control, each Defendant shall provide all documents requested in RFP Nos. 1, 3-6, 21, 27-29, 54, 55, 59, and 60, and all information requested in Interrogatory Nos. 3 and 4.

## C. Information and Documents Regarding Products Plaintiffs Did Not Purchase (RFP Nos. 7, 9, 13, 16, 17, 30, 34, and 59; Interrogatory Nos. 1-12)[3]

In these RFPs and interrogatories, Plaintiffs request information and documents relating to products Plaintiffs did not purchase, including product-related communications between Defendants and vendors; product-related communications between Defendants and the FDA; consumer complaints about Defendants' products; and estimates about the number of consumers who have purchased Defendants' products. *See* ECF No. 83 at 31; ECF No. 84 at 28.

### 1. General Ruling

To the extent within its knowledge, possession, custody, or control, each Defendant shall provide all documents requested in RFP Nos. 7, 9, 13, 16, 17, 30, 34,

---

[3] The Joint Stipulations categorize these discovery requests as relating to "Products Plaintiffs did not Purchase." ECF No. 83 at 31; ECF No. 84 at 28. Because the parties have categorized these requests as such, the Court utilizes this categorization. The Court notes, however, that in several discovery requests outside this category, the parties continue to dispute whether Defendants must provide discovery related to products Plaintiffs did not purchase. *See, e.g.*, ECF No. 83 at 50 (dispute regarding RFP Nos. 10 and 62); ECF No. 84 at 46 (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

and 59, and all information requested in Interrogatory Nos. 1-12. If a Defendant has already responded to an RFP or interrogatory but that response was improperly limited to products Plaintiffs purchased, the Defendant shall amend its response to include the products listed in footnote two of the Joint Stipulations. *See supra* Section V.A.4.

### 2. Interrogatory Nos. 8 and 11

In responding to Interrogatory Nos. 8 and 11, Nature's Way refers Plaintiffs to Schwabe's responses to those interrogatories. ECF No. 83 at 40, 42. Plaintiffs challenge Nature's Way's responses to those interrogatories, explaining: "If information is flowing between the parent and the subsidiary, it is highly likely that Nature's Way, the subsidiary, has more accurate information than its parent, Schwabe. Schwabe's figures may account for other subsidiaries and be unreliable. As such, Defendant Nature's Way must supplement its response accordingly and respond only on the basis as to itself." *Id.* at 52; *see also id.* at 47.

To the extent within its knowledge, possession, custody, or control, Nature's Way shall provide all information requested in Interrogatory Nos. 8 and 11 that Schwabe has not already provided.

## D. Remaining Discovery Requests (RFP Nos. 10, 31, 32, 33, 62, 64, 65)

### 1. RFP Nos. 10 and 62

Defendants have responded to these RFPs, but those responses were improperly limited to products Plaintiffs purchased. *See* ECF No. 83 at 48-49; ECF No. 84 at 44-45. Accordingly, Defendants shall amend their responses to RFP Nos. 10 and 62 to include the products listed in footnote two of the Joint Stipulations. *See supra* Section V.A.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

### 2. RFP No. 33

RFP No. 33 asks each Defendant for "[a]ll documents provided to you by SPINS[4] relating to point of sale documentation and data of your products during the class period." ECF No. 83 at 53; ECF No. 84 at 48.

#### a. Ruling With Respect to Nature's Way

Nature's Way responds that it "does not have possession, custody, or control of documents responsive to this request." ECF No. 83 at 54. However, that response was improperly limited to products Plaintiffs purchased. *See id.* at 53. Nature's Way shall amend its response to RFP No. 33 to include the products listed in footnote two of the Joint Stipulations. *See supra* Section V.A.4.

#### b. Ruling With Respect to Schwabe

Like Nature's Way, Schwabe states it "does not have possession, custody, or control of documents responsive to this Request." ECF No. 84 at 48. Unlike Nature's Way, Schwabe does not interpret RFP No. 33's reference to "products" narrowly. Moreover, Schwabe states it "has never enlisted SPINS' services to collect point of sale data with respect to any Umcka product, nor has Schwabe ever obtained SPINS data with respect to any Umcka product." *Id.* at 49. Schwabe has adequately explained why it does not have possession, custody, or control of documents responsive to this request. Thus, Schwabe does not have to provide any additional documents or response.

### 3. RFP Nos. 31 and 32

RFP No. 31 asks Defendants for "[a]ll documents related to the products' distribution within California during the class period." ECF No. 83 at 55; ECF No. 84 at

---

[4] "SPINS is a third party entity" that "works to collect and decipher retailers' and [manufacturers'] point-of-sale data, and prepares syndicated reports regarding same." ECF No. 83 at 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

50. RFP No. 32 asks Defendants for "[a]ll documents related to each product's distribution chain within California during the class period." ECF No. 83 at 56; ECF No. 84 at 50.

Plaintiffs argue: "Documents relating to Defendants' goods passing through the distribution chain are highly relevant, including establishing [sic] damages, and the typicality and commonality requirements of Rule 23(a)." ECF No. 83 at 56-57; ECF No. 84 at 51. Plaintiffs fail to explain how such documents are relevant to establishing damages or class-certification requirements. The Court is skeptical that Plaintiffs would be able to provide a valid explanation. The Motion to Compel with respect to RFP Nos. 31 and 32 is denied.

### 4. RFP Nos. 64 and 65

RFP No. 64 asks Defendants for "[a]ll documents relating to any contract manufacturer(s) of your products during the class period." ECF No. 83 at 59; ECF No. 84 at 53. RFP No. 65 asks Defendants for "[a]ll documents relating to any raw material supplier(s) of your products during the class period." ECF No. 83 at 60; ECF No. 84 at 54. Plaintiffs argue these documents are relevant to "determining whether Defendants' Products' ingredients are, in fact, 'natural.'" ECF No. 83 at 61; ECF No. 84 at 52.

Certain documents requested in RFP Nos. 64 and 65 could help determine whether Umcka products are natural, and, if not, whether Defendants were aware of that fact. Thus, to the extent within its knowledge, possession, custody, or control, each Defendant shall provide all documents requested in RFP Nos. 64 and 65 that identify or relate to ingredients in Umcka products that were labeled or advertised as "natural" during the class period.

**Defendants are ordered to fully comply with this Order (by providing such information and documents ordered above) no later than twenty-five calendar days after the date of this Order.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

# VI.
# CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions to Compel (ECF Nos. 83 and 84) are **GRANTED IN PART AND DENIED IN PART** as detailed above and as follows.

**On or before November 30, 2014:**

a.  Each Defendant shall, to the extent within its knowledge, possession, custody, or control, provide all documents requested in RFP Nos. 1, 3-7, 9, 13, 16, 17, 21, 27-30, 34, 54, 55, 59, and 60, and all information requested in Interrogatory Nos. 1-12. In responding to RFPs and interrogatories, Defendants shall assume, unless otherwise specified, that the term "products" refers to products listed in footnote two of the Joint Stipulations, rather than to products Plaintiffs purchased.

b.  If a Defendant has already responded to an RFP or interrogatory but that response was improperly limited to products Plaintiffs purchased, the Defendant shall amend its response to include the products listed in footnote two of the Joint Stipulations. This mandate applies but is not limited to each Defendant's response to RFP Nos. 10 and 62, and to Nature's Way's response to RFP No. 33.

c.  Each Defendant shall, to the extent within its knowledge, possession, custody, or control, provide all documents requested in RFP Nos. 64 and 65 that identify or relate to ingredients in Umcka products that were labeled or advertised as "natural" during the class period.

d.  Nature's Way shall, to the extent within its knowledge, possession, custody, or control, provide all information requested in Interrogatory Nos. 8 and 11 that Schwabe has not already provided.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-100-TJH (KKx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | LAWRENCE NADLER, *et al.*, v. NATURE'S WAY PRODUCTS, LLC, *et al.* | | |

  e. All other requests for additional responses or documents are **DENIED**.